**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MICHAEL DEROSA,

                              Plaintiff,                **ORDER**

                 -against-                **20-CV-6693 (JMF) (JW)**

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On August 4, 2021, this matter was remanded to the Commissioner of Social Security. Dkt. No. 22. On November 5, 2021, the Court approved a stipulation and order for the allowance of Plaintiff's counsel's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 27. Plaintiff's counsel was awarded $6,050.00. Id. On June 27, 2022, Plaintiff's counsel ("Petitioner") filed the subject motion for attorney's fees pursuant to the Social Security Act § 206(b)(1). Dkt. No. 28 ("Motion" or "Mot."). Counsel for the Commissioner filed a response on July 8, 2022. Dkt. No. 31 ("Response").

## BACKGROUND

**A. Plaintiff's Motion for Attorney's Fees.**

Petitioner filed the subject motion for an "award of attorney's fees based on the contingency fee agreement between Plaintiff and Petitioner." Mot. at 1. That arrangement stated that Petitioner would "charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and her

family if she won her case." Id. at ¶ 3.  Twenty-five percent of Plaintiff's past due benefits is $20,800. Id. at ¶ 5.  Thus, Petitioner seeks an award of $20,800. Id. at ¶ 7.  Petitioner affirms that 33.7 hours were spent in their representation of Plaintiff, 26.3 hours of which were attorney time, and 7.4 hours of which were paralegal time. Id. at ¶ 10.  Assuming the paralegal time is billed at $100.00 an hour, the effective hourly attorney rate is $762.74. Id.

### B. The Commissioner's Response.

The Commissioner states that in § 406(b) matters, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." Response at 2 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002)).  The Commissioner does not have an independent state in the §406(b) question. Id.  The Commissioner addressed three points in their brief.

The first was whether the Motion was timely.  Response at 2-3.  The Commissioner noted that Section 406(b) petitions are subject to the "fourteen-day filing period for attorney's fees (plus a three-day mailing period) provided in Federal Rule of Civil Procedure 54(d)(2)(B)." Id. at 2 (citing Sinkler v. Berryhill, 932 F.3d 83, 89 (2d Cir. 2019)).  Here, the Notice of Award letter was dated June 12, 2022, and the subject Motion was filed fifteen days later. Id. at 3.  The Commissioner stated that this was timely. Id.

Second, the Commissioner confirmed that Petitioner could received an award of fees under both the EAJA and § 406(b).  Response at 3.  When a plaintiff's counsel receives fees under both of those routes, counsel must refund claimant the amount of

the smaller fee. Id. The Commissioner affirmed that Petitioner properly asserted that rule in the Motion.

Finally, the Commissioner looked at the reasonableness of the fee claimed. Response 3-5. The Commissioner identified three factors the Second Circuit uses when considering whether to approve the full amount requested under a contingent fee arrangement: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. Id. at 3 (citing Wells v. Sulllivan (Wells II), 907 F.2d 367, 372 (2d Cir. 1990)). The Commissioner found that the amount requested was in compliance with the cap, and was "aware of no fraud of overreaching." Id. The Commissioner deferred to the Court in determining whether the requested fee is reasonable. Id. at 5.

## DISCUSSION

The two issues before the Court are the determination of whether the § 406(b) motion was timely, as well as whether the requested fees are reasonable.

### A. Timeliness.

Section 406(b) applications are subject to Federal Rule of Civil Procedure 54(d)(2)(B), which states that a claim for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); see also Sinkler, 932 F.3d 83, 87-88 ("[W]e conclude . . . that Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions."). While the Motion was filed fifteen

days after the date on the Notice, the three-day grace period allowed for mailing makes the Motion timely.

### B. Reasonableness of the Fees Sought.

Assuming the paralegal's hourly rate is $100.00, Mot. at ¶ 10, then $740 of the amount sought is for paralegal work, and $20,060 is for attorney hours. This comes to an effective hourly rate of $762.74. The Second Circuit has recently identified four factors to be considered when determining whether there has been a windfall:

> (1) "[T]he ability and expertise of the lawyers and whether they were particularly efficient." Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022);
>
> (2) "[T]he nature and length of the professional relationship with the claimant." Id. at 855;
>
> (3) "[T]he satisfaction of the disabled claimant." Id.; and,
>
> (4) "[H]ow uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id.

In Fields, the Second Circuit found that a *de facto* hourly rate of $1,556.98 was not an impermissible windfall. As part of its analysis, the Second Circuit noted that the "district court's conclusion that the requested fee was unreasonable rested entirely on its finding of a windfall. Indeed, the court acknowledged that all other considerations supported the reasonableness of [Petitioner's] request." Fields, 24 F. 4th at 856.

Here, the Court finds that Petitioner was efficient in resolving this matter with 33.7 hours of billed work. The professional relationship with the Client lasted the duration of the representation for the appeal. The Plaintiff, having won their benefits

4

upon remand, is presumed satisfied. Finally, this matter included as much uncertainty as the average appeal of a denial of benefits.

A finding of unreasonableness here would rest entirely on the finding of a windfall, and the fee is in line with other awards in this district. As such, the Motion is GRANTED. Petitioner is awarded $20,800. The Clerk of Court is respectfully requested to terminate the Motion at Dkt. No. 28.

SO ORDERED.

DATED:   New York, New York
         August 24, 2022

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge